KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER       Bar No. 066401
ELLIOT CONN           Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
bryan@kbklegal.com
elliot@kbklegal.com

Attorneys for Plaintiff Ashamad Pinchem

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASHAMAD PINCHEM, | **Case No.** |
| Plaintiff. | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| REGAL MEDICAL GROUP, INC. | |
| Defendant. | |

Plaintiff Ashamad Pinchem (Plaintiff), through his attorneys, alleges on personal information and upon information and on belief based upon, *inter alia*, the investigation made by and through his attorneys, as follows:

**INTRODUCTION**

1.  Within the past four years, Plaintiff's cellular telephone has been bombarded with robocalls from Regal Medical Group, Inc., an entity with which he has never had any relationship.  Each call is the same.  If Mr. Pinchem answers his cellular telephone, he is greeted with any irritating fax type beeping sound.  Mr. Pinchem will receive up to thirty-two (32) calls a day, at all hours of the day and night, and often in rapid succession.  When Pinchem called Regal Medical Group to complain and to ask them to stop calling him, he was ignored, and the calls

1
Complaint for Damages and Equitable Relief

continued. Based on Mr. Pinchem's phone records, in the past year alone, he has received over 1,200 calls from Regal Medical Group. The calls continue and Mr. Pinchem will not answer calls from numbers that he does not recognize, fearing that they will be robocalls from Regal Medical Group.

2. The Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*., prohibits this practice, *inter alia*, and forbids the use of an Automatic Telephone Dialing System ("ATDS") or a prerecorded or artificial voice to place calls to cellular telephones or to send text messages to cellular telephones.

3. The thousands of outbound telephone calls that Regal Medical Group, Inc. impermissibly and unlawfully placed to Plaintiff's cellular telephone using an Automated Telephone Dialing System with a predictive dialer, or a prerecorded or artificial voice, are forbidden by the TCPA and carry statutory penalties.

## PARTIES

4. Plaintiff Ashamad Pinchem is a natural person and a citizen of Carson, State of California.

5. Defendant Regal Medical Group, Inc., ("Regal") is a California corporation located in Marina Del Rey, State of California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the claims alleged herein raise a federal question. Specifically, this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

7. Injunctive relief is available under 47 U.S.C. §227(b)(3)(A).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that Defendant conducts business in this District, and the actions giving rise to this suit occurred within this District.

## FACTS

9. Defendant contacted Plaintiff's cellular telephone, number xxx-xxx-2182, using an automated telephone dialer system with a fax type beeping sound (hereafter "robocalls").

10. Defendant placed robocalls to Plaintiff's cellular telephone at an excessive and harassing rate, placing sometimes up to thirty-two (32) calls per day, at all hours of day and night, and often in rapid succession.

11. In the past year alone, Defendant Regal has initiated at least 1,200 calls to Plaintiff's cellular telephone.

12. Plaintiff has no prior business relationship with Regal and never provided Defendant with his cellular telephone number or contact information.

13. Plaintiff never requested to Regal either by agreement or otherwise that he be contacted.

14. On numerous occasions, Plaintiff called Regal to request that Regal stop calling him, but his requests were ignored.

15. At all times relevant to this complaint, Plaintiff maintained exclusive custody and control over the cellular telephone and number at issue.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

16. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17. Even so, the TCPA does not require a plaintiff to be "charged for" the calls in order to have standing to sue. *Gutierrez v. Barclays Group*, 2011 WL 579238, at *5 (S.D. Cal. 2011 Feb. 9, 2011).

18. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that

might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at §12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§12-13. *See also, Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. §227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

19. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶10).

20. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶132 (Fed. Commc'n Cmm'n July 3, 2003).

21. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, the Ninth Circuit has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only

have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

22. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶133.

23. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

24. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

25. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. §1658. *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

26. The intended recipient of a call is not the "called party" within the scope of the TCPA. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014).

27. Rather, the "called party" is the subscribed, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family of business calling plan. *2015 TCPA Omnibus Declaratory Ruling and Order,* GC Docket No. 02-278, Declaratory Ruling and Order, 2015 WL 4387780, at *26 (OHMSV July 10, 2015).

**FIRST CAUSE OF ACTION**
(Telephone Consumer Protection Act)

28. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Respondent's cellular telephone, which were initiated by an automatic telephone dialing system and/or prerecorded and/or artificial voice and made without prior express consent

30. The foregoing acts and omissions of Defendant constitute a violation of the

1  Telephone Consumer Protection Act.

2      31. Defendant's violations were negligent or, alternatively, they were willful or knowing.  47 U.S.C. §312(f)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendant and in favor of Plaintiff for:

    A.     $500.00 in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

    B.     $1,500.00 treble damages, for each violation of the TCPA held to be a knowing or willful violation;

    C.     A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    D.     Attorneys' fees, litigation expenses, and costs of the instant suit; and

    E.     Such other or further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated:  August 26, 2015          KEMNITZER, BARRON & KRIEG, LLP

        By:   */s/ Elliot Conn*
              ELLIOT CONN
              Attorneys for Plaintiff ASHAMAD PINCHEM